**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| AIRPORT INDUSTRIAL PARK, INC. d/b/a P.E.C. CONTRACTING ENGINEERS | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 02-1077C (Judge Hewitt) |
| THE UNITED STATES | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO SUSPEND DISCOVERY AND TOLL DISCOVERY DEADLINES PENDING RESOLUTION OF MOTION FOR SUMMARY JUDGMENT**

Defendant respectfully requests that the Court suspend discovery and toll the discovery deadlines in this case pending resolution of defendant's motion for summary judgment, which is being filed simultaneously with this motion. Because defendant's motion for summary judgment, if granted, will dispose of this case, and because plaintiff needs no discovery to respond to the motion for summary judgment, suspending discovery and tolling the discovery deadlines pending resolution of the motion for summary judgment is appropriate to protect both parties from unnecessary burden and expense.

Plaintiff alleges that defendant improperly terminated a construction contract, and seeks damages arising from this termination. Defendant has moved for summary judgment, asserting that, as a matter of law, plaintiff's failure to maintain an adequate performance bond justified the termination for default. Plaintiff – which has admitted in its pleadings that was unable to obtain a replacement payment bond when its bonding company went out of business – does not need discovery to respond to this argument.

In its case management order of February 13, 2003, the Court ordered that fact discovery

be completed on or before January 2, 2004; that expert discovery be completed on or before January 30, 2004; that expert depositions be completed on or before February 27, 2004; and that dispositive motions be filed on or before April 2, 2004. To date, no discovery has been propounded by either side.

This Court possesses the inherent power to order the conduct of litigation as necessary to achieve the just, speedy, and inexpensive resolution of every action. Landis v. North Am. Co., 299 U.S. 248, 254 (1936); RCFC 1. Courts have consistently and routinely suspended discovery pending the resolution of threshold dispositive motions. See, e.g., Harlow v Fitzgerald, 457 U.S. 800, 817-18 (1982). Postponing discovery until the resolution of potentially dispositive motions is an "eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." Coastal Gas Corp. v. Department of Energy, 84 F.R.D. 278, 282 (D. Del. 1979).

Here, the interests of efficiency, economy, and justice all militate in favor of suspending discovery and tolling the applicable deadlines. Should the Court grant defendant's motion for summary judgment (which is based on a non-complex legal argument), it will not be necessary to engage in time-consuming discovery concerning factual issues related to the construction contract at issue. Neither party would be prejudiced by the suspension of discovery at this time (particularly inasmuch as no discovery is currently pending), and a suspension would prevent the expense and burden to the parties and the Court of engaging in a potentially unnecessary discovery process.

## CONCLUSION

For the foregoing reasons, defendant respectfully requests that the Court suspend discovery and toll the applicable case management deadlines pending resolution of defendant's motion for summay judgment.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s/

BRIAN M. SIMKIN
Assistant Director

/s/

ANDREW P. AVERBACH
Trial Attorney
Commercial Litigation Branch
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel. (202) 307-0290
Fax (202) 514-8624

Attorneys for Defendant

OF COUNSEL:

WILLIAM A. LUBICK
Assistant District Counsel
U.S. Army Corps of Engineers,
Pittsburgh District
1813 Federal Building
1000 Liberty Avenue
Pittsburgh, PA 15222-1486
Tel. (412) 395-7495

September 11, 2003