UNITED STATES COURT OF FEDERAL CLAIMS

AIRPORT INDUSTRIAL PARK, INC.
d/b/a P.E.C. CONTRACTING ENGINEERS,

Plaintiff,

Case No. 02-1077C

v

HON. EMILY C. HEWITT

UNITED STATES OF AMERICA,

Defendant.

Stephen A. Hilger (P44776)
RHOADES, McKEE
Attorneys for Plaintiff
161 Ottawa Ave., N.W., Suite 600
Grand Rapids, MI 4950
(616) 235-3500

Andrew P. Averbach
Attorney for Defendant
Commercial Litigation Branch
Department of Justice, Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, DC 20530
(202) 307-0290

# PLAINTIFF'S PROPOSED FINDINGS OF UNCONTROVERTED FACT

Pursuant to Rule 56 of the Rules of the United States Court of Federal Claims, the Plaintiff, Airport Industrial Park, Inc. d/b/a P.E.C. Contracting Engineers, asserts the following as proposed Findings of Fact:

Defendant's Proposed Findings of Fact:

1. On March 25, 1999, the United States, acting through the Department of the Army, Pittsburgh District, Corps of Engineers (the "Corps"), awarded Airport Industrial Park, Inc. d/b/a P.E.C. Contracting Engineers ("P.E.C.") Contract No. DACW59-99-0002, "New Dock Front, Pittsburgh Engineer Warehouse and Repair Shops, Neville Island, Pennsylvania" (the "contract"). DeStafano Decl. ¶2.

Plaintiff's Proposed Findings of Fact:

Plaintiff accepts the Government's First Finding of Fact.

Defendant's Proposed Findings of Fact:

2. The solicitation (Standard Form 1442) for the contract indicated that "THE CONTRACTOR MUST FURNISH ANY REQUESTED PERFORMANCE AND PAYMENT BONDS" within ten calendar days of the award of the contract. DeStefano Decl. Ex. A.

Plaintiff's Proposed Findings of Fact:

The Solicitation Form required the Plaintiff to furnish a Performance and Payment Bond under the terms of the Contract Documents.

Defendant's Proposed Findings of Fact:

3. In addition, the contract incorporated FAR 52.228-1, 48 C.F.R. §52.228-1 (1996) "Bid Guaranty," which requires successful bidders to furnish adequate bonds within ten days or face termination for default,[1] FAR 52.228-2, 48 C.F.R. §52.228-2 (1997) "Additional Bond Security," which requires contractors to furnish additional security in the event that a surety becomes unacceptable to the Government; and FAR 52.228-15, 48 C.F.R. §52.228-15 (1996), "Performance and Payment Bonds – Construction," which requires contractors to furnish performance and payment bonds in amounts dependent upon the contract price (in this case, a performance bond securing 100% of the contract price and a payment bond securing 40% of the contract price). DeStefano Decl. Ex. A.

Plaintiff's Proposed Findings of Fact:

The contract incorporated by reference, 48 C.F.R. §52.228-2.

[1] For the convenience of the Court, excerpts of the relevant provisions of the FAR incorporated into the contract are set forth in the appendix to our motion for summary judgment.

Defendant's Proposed Findings of Fact:

4. On March 25, 1999, upon the award of the contract, P.E.C. obtained a performance bond and a payment bond from Amwest Surety Insurance Company ("Amwest") in the amounts of $4,646,931.00 and $1,858,772.40, respectively. These bonds were reviewed and approved by the Corps's counsel on April 14, 1999. DeStefano Decl. ¶4 & Exs. B, C.

Plaintiff's Proposed Findings of Fact:

On March 25, 1999, P.E.C. provided to the Defendant a Performance and Payment Bond, Bond No. 1382830, from Amwest Surety Insurance Company. The Performance Bond portion of Bond No. 1382830 had a penal sum of $4,646,931.00 and the Payment Bond portion of Bond No. 1382830 had a penal sum of $1,858,772.40. Bond No. 1382830 was reviewed and approved by the Army Corps of Engineer's counsel on April 14, 1999.

Defendant's Proposed Findings of Fact:

5. Amwest obtained reinsurance from Swiss Reinsurance America Corporation with respect to $2,646,831.00 of the performance bond. As stated in the reinsurance agreement (GSA Standard Form 273, "Reinsurance Agreement for a Miller Act Performance Bond"), the purpose of the reinsurance agreement was to "guarantee and indemnify the United States against loss under the performance bond to the extent of the 'Amount of Reinsurance,'" i.e. $2,646,831.00 The reinsurance agreement was reviewed and approved by the Corps's counsel on April 14, 1999. DeStefano Decl. ¶5 & Ex. D.

Plaintiff's Proposed Findings of Fact:

On the day that Bond No. 1382850 was issued by Amwest Surety Insurance Company, Swiss Reinsurance America Corporation executed a Reinsurance Agreement for Bond No.

1382830 in the amount of $2,646,831.00. The Reinsurance Agreement was reviewed and approved by the Army Corps of Engineer's counsel on April 14, 1999.

<u>Defendant's Proposed Findings of Fact:</u>

6. Amwest never provided the Corps with a GSA Form 271, "Reinsurance Agreement for a Miller Act Payment Bond," and the Corps never reviewed or approved such an agreement. DeStefano Decl. ¶5.

<u>Plaintiff's Proposed Findings of Fact:</u>

After receiving the Swiss Reinsurance America Corporation reinsurance form in the amount of $2,646,831.00, neither the Defendant nor the Army Corps of Engineers ever sought an additional reinsurance form for a separate bond called a "Payment Bond".

<u>Defendant's Proposed Findings of Fact:</u>

7. In June 2001, before the completion of the construction called for by the contract, Amwest was declared insolvent and the payment and performance bonds were cancelled. Accordingly, by letter dated July 6, 2001, Michael S. DeStefano, the contracting officer with respect to the subject contract, directed P.E.C. to secure acceptable replacement bonding within ten days. DeStefano Decl. ¶¶6-7 & Exs. E, F.

<u>Plaintiff's Proposed Findings of Fact:</u>

In June of 2001, which was almost 18 months after the initial scheduled completion date, Amwest was declared insolvent. On July 6, 2001, the Contracting Officer requested for the first time that P.E.C. provide replacement bonding solely for Payment Bond purposes.

<u>Defendant's Proposed Findings of Fact:</u>

8. P.E.C. never secured a new payment bond to replace the Amwest bond. Rather, by letter dated July 20, 2001, counsel for P.E.C. advised the Corps of its belief that the

reinsurance agreement applied to the payment bond. P.E.C. did not assert in this letter or in any other communication to the Corps prior to the commencement of this lawsuit that it was having difficulty obtaining a replacement payment bond, or that any conduct by the Corps had somehow prevented P.E.C. from obtaining such bonding. DeStefano Decl. ¶¶8, 9, 11 & Ex. G.

Plaintiff's Proposed Findings of Fact:

P.E.C. has filed an Affidavit contending that it was never able to obtain an alternate Payment Bond because the Project was 1 1/2 years late, only 50% had been completed, and had problems with delays, interferences, inefficiencies, and mismanagement on behalf of the Contracting Officer.

Defendant's Proposed Findings of Fact:

9. By letter dated July 31, 2001, the Corps, acting through Contracting Officer Michael S. DeStefano, notified P.E.C. that the contract would be terminated for default unless P.E.C. cured certain conditions, including its failure to secure a replacement payment bond. DeStefano Decl. ¶¶10 & ___ Ex. H.

Plaintiff's Proposed Findings of Fact:

No comment.

Defendant's Proposed Findings of Fact:

10. P.E.C. did not cure its failure to obtain a replacement payment bond (or the other conditions of default) and did not respond to the Mr. DeStefano's July 31, 2001 letter. DeStefano Decl. ¶11.

Plaintiff's Proposed Findings of Fact:

P.E.C. took the position that the bond provided for reinsurance by Swiss Reinsurance America Corporation was satisfactory for providing alternate bonding.

Defendant's Proposed Findings of Fact:

11. By letter dated August 17, 2001, the Corps sent notice to P.E.C. that the contract had been terminated for default. DeStefano Decl. ¶11 & Ex. I.

Plaintiff's Proposed Findings of Fact:

No comment.

Plaintiff's Additional Proposed Findings of Fact:

12. The following are additional Findings of Fact sought by the Plaintiff:

1. At no time did the Army Corps of Engineers, its counsel, or the Government request a separate Reinsurance Agreement for any payment portion of Bond No. 1382830 during the years 1999 through 2000. During the years 1999 through 2000, the Government determined that the Reinsurance Agreement previously provided by Swiss Reinsurance America Corporation was adequate.

2. The original contract called for completion in 365 days from the beginning of the contract. The contract was entered into on March 25, 1999, which meant that the work had to be completed by March 24, 2000. The work was approximately 50% complete when the Defendant terminated the contract on August 17, 2001. The work was only 50% complete due to delays that took place on the job. The Plaintiff has provided, through Affidavit, statements of fact regarding difficulties in construction due to deficient design and engineering that was performed under the direction of the Army Corps of Engineers as well as the lack of any adequate soil testing under water. When the true conditions of the underwater soil were

discovered, the contract was placed in suspension until the unsuitable soils were removed and disposed of. The Plaintiff has also brought forth facts which suggest that there were problems on the job including the unavailability of owner specified materials, difficulties with compliance with the overall design intent, discrepancies in the design of the work, changes without being paid, and delays for multiple mobilizations, all which appear to arise out of the management on the construction Project. Had these events not taken place, the Plaintiff contends, that it could have completed the work on or before March 24, 2000, which was prior to the Notice of Insolvency by Amwest Surety Insurance Company.

3. The Plaintiff also contends that because of the delays on the Project as well as the problems associated with the Project and the fact that $4.6 million of P.E.C.'s bonding capacity had been tied up for almost 2 1/2 years, P.E.C. experienced considerable difficulty in trying to obtain a substitute Payment Bond once the request was made by the Government.

Dated: October 8, 2003

RHOADES McKEE
Attorneys for Plaintiff

By: /s/
Stephen A. Hilger (P44776)
Business Address:
161 Ottawa Avenue, N. W., Suite 600
Grand Rapids, MI 49503
Telephone: (616) 235-3500