UNITED STATES COURT OF FEDERAL CLAIMS

AIRPORT INDUSTRIAL PARK, INC.
d/b/a P.E.C. CONTRACTING ENGINEERS,

Plaintiff,

Case No. 02-1077C

v

HON. EMILY C. HEWITT

UNITED STATES OF AMERICA,

Defendant.

Stephen A. Hilger (P44776)
RHOADES, McKEE
Attorneys for Plaintiff
161 Ottawa Ave., N.W., Suite 600
Grand Rapids, MI 4950
(616) 235-3500

Andrew P. Averbach
Attorney for Defendant
Commercial Litigation Branch
Department of Justice, Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, DC 20530
(202) 307-0290

STATE OF PENNSYLVANIA )
)ss.
COUNTY OF ALLEGHENY )

## AFFIDAVIT OF PAUL CHAMBERS IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

NOW COMES Paul Chambers, after being duly sworn, deposes and states as follows:

1. I am above the legal age of majority, fully competent to testify, and I have personal knowledge of the facts stated herein.

2. Airport Industrial Park, Inc. d/b/a P.E.C. Contracting Engineers is a Pennsylvania company located at 4420 Lorigan Street, Pittsburgh, Pennsylvania, 15224.

3. On December 1, 1998, the United States Government issued through the Department of the Army a Solicitation, Offer and Award for Solicitation No.

DACW59-99-B-0001. This Project involved construction of a new steel sheet pile wall adjacent to the existing sheet pile cells, construction of an in-place concrete waler, installation of rock anchors and soil anchors, placement of controlled low strength fill material, placement of select material, metal work and site work, all in Pittsburgh, Pennsylvania.

4. A copy of the Solicitation is attached to this Affidavit as **Exhibit A**.

5. On February 17, 1999, Plaintiff provided to the Defendant its Best and Final Offer relative to the Project which forms the basis of this litigation. A copy of that Best and Final Offer is attached hereto as **Exhibit B**.

6. The Best and Final Offer was accepted by the Defendant and a contract was entered into.

7. As a result of the contract having been entered into, the Plaintiff provided to the Defendant the appropriate bond. The bond was issued March 25, 1999. The bond number was 1382830. This bond was a performance-payment bond. The performance portion was issued in the penal sum of $4,646,931.00. The payment portion was issued in the penal sum of $1,858,772.40. The documents are attached as **Exhibits C** and **D**.

8. The bond was submitted to the United States Government and was approved and accepted.

9. On March 25, 1999, Swiss Reinsurance America Corporation issued a Reinsurance Agreement for a Miller Act Performance Bond, for Contract No. DACW59-99-C-0002, Bond No. 1382830, in the penal sum of $4,646.931.00, with the reinsurance amount being $2,646,931.00. A copy of this Reinsurance

Agreement is attached hereto as **Exhibit E**. At no time did the Defendant request a separate reinsurance agreement for the payment portion of the bond in the years 1999 or 2000. The reinsurance agreement was acceptable to the Defendant.

10. During the course of the Project, the Army Corp. of Engineers and the Department of the Army significantly delayed the progress of the work through no fault of the Plaintiff. The original contract called for completion in 365 days from the beginning of the contract. The contract was entered into on March 25, 1999, which meant the work had to be completed by March 24, 2000. The work was approximately 50% complete when the Defendant wrongfully terminated the contract on August 17, 2001. These delays caused significant damages to P.E.C. Contracting. One of the primary difficulties was the deficient design and engineering that was performed under the direction of the Corp. of Engineers, as well as the lack of any soil testing in the areas where sheet piling was to be installed. The sheet piling was installed in water. The Government tested soils on land. P.E.C. strongly suggested on several occasions that the soil be tested in the water. Once the tests in the water were completed, it was determined that those soils were unsuitable. This resulted in the Project having to be redesigned. During the redesign process, P.E.C. Contracting Engineers was put into suspension from a period beginning on August 13, 1999. Once the unsuitable soils were removed and disposed of at an approved landfill facility, additional stone had to be placed in the river where the unsuitable soils were removed prior to installing the sheet piling. There were other problems on the job including an unavailability of owner specified materials, there were difficulties with

compliance with the overall design intent, there were discrepancies in the design work, there were directions by the Contracting Officer to provide changes without being paid, there were delays for multiple mobilizations of work, as well as other incidents. This took considerable extra time and money.

11. During the course of the Project, the primary bonding company, Amwest Surety Insurance Company, became insolvent. Their Notice of Insolvency came in the summer of 2001, which was well after the scheduled March 24, 2000 completion date. Had this particular Project been completed in a timely basis in March, 2000, the insolvency of Amwest Surety Insurance Company would have been irrelevant.

12. On August 17, 2001, the United States Government terminated Plaintiff's contract with the Notice attached hereto as **Exhibit F**. The Defendant's mismanagement tied up 4.6 million in PEC's bonding capacity for almost 2 ½ years. The tying up of the bonding capacity and the considerable extra unpaid costs created by the delays, omissions and mistakes described above prevented P.E.C. Contracting Engineers from securing alternative payment bonds from new sources after

Amwest Surety Insurance Company went insolvent.

FURTHER YOUR AFFIANT SAYETH NOT.

AIRPORT INDUSTRIAL PARK, INC.
d/b/a PEC CONTRACTING ENGINEERS,

By: Paul E. Chambers Pres.
Paul Chambers
Its: President.

Paul E. Chambers Pres.
President

Subscribed and sworn to before me
this 7 day of October, 2003.

Mary Lou Muiter
Notary Public
Allegheny, County
State of Pennsylvania

Notarial Seal
Mary Lou Muiter, Notary Public
Pittsburgh, Allegheny County
My Commission Expires Sept. 13, 2006



U:\...\affidavit-chambers.doc