# REINSURANCE AGREEMENT FOR A MILLER ACT PERFORMANCE BOND

*(See instructions on reverse)*

| 1. DIRECT WRITING COMPANY * | 1A. DATE DIRECT WRITING COMPANY EXECUTES THIS AGREEMENT |
|---|---|
| Amwest Surety Insurance Company<br>5230 Las Virgenes Road<br>Calabasas, CA 91302 | March 25, 1999 |
| | 1B. STATE OF INCORPORATION<br>Nebraska |
| 2. REINSURING COMPANY * | 2A. AMOUNT OF THIS REINSURANCE<br>$ 2,646,931.00 |
| Swiss Reinsurance America Corporation<br>237 Park Avenue<br>New York, NY 10017<br>717-368 4000 | 2B. DATE REINSURING COMPANY EXECUTES THIS AGREEMENT<br>March 25, 1999 |
| | 2C. STATE OF INCORPORATION<br>New York |

| 3. DESCRIPTION OF CONTRACT | | 4. DESCRIPTION OF BOND | |
|---|---|---|---|
| 3A. AMOUNT OF CONTRACT<br>$4,646,931.00 | | 4A. PENAL SUM OF BOND<br>$4,646,931.00 | |
| 3B. CONTRACT DATE<br>March 25, 1999 | 3C. CONTRACT NO.<br>DACW59-99-C-0002 | 4B. DATE OF BOND<br>March 25, 1999 | 4C. BOND NO.<br>1382830 |
| 3D. DESCRIPTION OF CONTRACT<br>New Dock Front, Pittsburgh Engineer Warehouse and Repair Shops, Neville Island, PA | | 4D. PRINCIPAL *<br>Airport Industrial Park, Inc. d/b/a P.E.C. Contracting Engineers<br>4420 Lorigan Street<br>Pittsburgh, PA 15224 | |
| 3E. CONTRACTING AGENCY<br>Dept of Army, Corps of Engineers | | 4E. STATE OF INCORPORATION *(If Corporate Principal)*<br>Pennsylvania | |

AGREEMENT.

(a) The Direct Writing Company named above is bound as a surety to the United States of America on the performance bond described above, wherein the above described is the principal, for the protection of the United States on the contract described above. The contract is for the construction, alteration, or repair of a public building or public work of the United States and the performance bond was furnished to the United States under the Act of August 24, 1935, as amended (40 U.S.C. 270a-270e), known as the Miller Act. The Direct Writing Company has applied to the Reinsuring Company named above to be reinsured and countersecured in the amount shown opposite the name of the Reinsuring Company (referred to as the "Amount of this Reinsurance"), or for whatever amount less than the "Amount of this Reinsurance" the Direct Writing Company is liable to pay under or by virtue of the performance bond.

(b) For a sum mutually agreed upon, paid the the Direct Writing Company to the Reinsuring Company which acknowledges its receipt, the parties to this Agreement covenant and agree to the terms and conditions of this agreement.

TERMS AND CONDITIONS.

(a) The purpose and intent of this agreement is to guarantee and indemnify the United States against loss under the performance bond to the extent of the "Amount of this Reinsurance," or any sum less than the "Amount of this Reinsurance" that is owing and unpaid by the Direct Writing Company to the United States under the performance bond.

(b) If the Direct Writing Company fails to pay any default under the performance bond equal to or in excess of the "Amount of this Reinsurance," the Reinsuring Company covenants and agrees to pay to the United States, the obligee on the performance bond, the "Amount of this Reinsurance." If the Direct Writing Company fails to pay to the United States any default for a sum less than the "Amount of this Reinsurance" the Reinsuring Company covenants and agrees to pay to the United States the full amount of the default, or so such thereof that is not paid to the United States by the Direct Writing Company.

(c) If there is a default on the performance bond for the "Amount of this Reinsurance," or more, the Reinsuring Company and the Direct Writing Company hereby covenant and agree that the United States may bring suit against the Reinsuring Company for the "Amount of this Reinsurance" or, in the case the amount of the default is for less than the "Amount of this Reinsurance," for the full amount of the default.

WITNESS.

The Direct Writing Company and the Reinsuring Company, respectively, have caused this Agreement to be signed and impressed with their respective corporate seals by offices possessing power to sign this instrument, and to be duly attested by officers empowered thereto, on the day and date above written opposite their respective names.

* Items 1, 2, 4D—Furnish legal name, business address and ZIP Code.

# LIMITED POWER OF ATTORNEY

## Amwest Surety Insurance Company
## Far West Insurance Company

POWER NUMBER 0000953032

This document is printed on white paper containing the artificial watermarked logo ( ) of Amwest Surety Insurance Company on the front and brown security paper on the back. Only unaltered originals of the Limited Power of Attorney ("POA") are valid. This POA may not be used in conjunction with any other POA. No representations or warranties regarding this POA may be made by any person. This POA is governed by the laws of the State of Nebraska and is only valid until the expiration date. Amwest Surety Insurance Company and Far West Insurance Company (collectively the "Company") shall not be liable on any limited POA which is fraudulently produced, forged or otherwise distributed without the permission of the Company. Any party concerned about the validity of this POA or an accompanying Company bond should call your local Amwest branch office at (412) 322-2311.

KNOW ALL BY THESE PRESENT, that Amwest Surety Insurance Company, a Nebraska corporation and Far West Insurance Company, a Nebraska corporation (collectively the "Company"), do hereby make, constitute and appoint:

**James K. Flavion**
**Timothy F. Salvati**
**Karen M. Comport**
**James M. Griffith**
**As Employees of Amwest Surety Insurance Co**

its true and lawful Attorney-in-fact, with limited power and authority for and on behalf of the Company as surety to execute, deliver and affix the seal of the company thereto if a seal is required on bonds, undertakings, recognizances, reinsurance agreement for a Miller Act or other performance bond or other written obligations in the nature thereof as follows:

**All Bonds up to $25,000,000.00**

and to bind the company thereby. This appointment is made under and by authority of the By-Laws of the Company, which are now in full force and effect.

I, the undersigned secretary of Amwest Surety Insurance Company, a Nebraska corporation and Far West Insurance Company, a Nebraska corporation, DO HEREBY CERTIFY that this Power of Attorney remains in full force and effect and has not been revoked and furthermore, that the resolutions of the Board of Directors of both Amwest Surety Insurance Company and Far West Insurance Company set forth on this Power of Attorney, and that the relevant provisions of the By-Laws of each company, are now in full force and effect.

Bond No. 1382830 Signed & sealed this 25th day of March 19 99

Karen G. Cohen, Secretary

* * * * * * * * * * * * * * * * * * **RESOLUTIONS OF THE BOARD OF DIRECTORS** * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

This POA is signed and sealed by facsimile under and by the authority of the following resolutions adopted by the Board of Directors of Amwest Surety Insurance Company at a meeting duly held on December 15, 1975 and Far West Insurance Company at a meeting duly held on July 28, 1983:

RESOLVED, that the President or any Vice President, in conjunction with the Secretary or any Assistant Secretary, may appoint attorneys-in-fact or agents with authority as defined or limited in the instrument evidencing the appointment in each case, for and on behalf of the Company, to execute and deliver and affix the seal of the Company to bonds, undertakings, recognizances, and suretyship obligations of all kinds; and said officers may remove any such attorney-in-fact or agent and revoke any POA previously granted to such person.

RESOLVED FURTHER, that any bond, undertaking, recognizance, or suretyship obligation shall be valid and bind upon the Company:

(i) when signed by the President or any Vice President and attested and sealed (if a seal be required) by any Secretary or Assistant Secretary; or

(ii) when signed by the President or any Vice President or Secretary or Assistant Secretary, and countersigned and sealed (if a seal be required) by a duly authorized attorney-in-fact or agent; or

(iii) when duly executed and sealed (if a seal be required) by one or more attorneys-in-fact or agents pursuant to and within the limits of the authority evidenced by the power of attorney issued by the Company to such person or persons.

RESOLVED FURTHER, that the signature of any authorized officer and the seal of the Company may be affixed by facsimile to any POA or certification thereof authorizing the execution and delivery of any bond, undertaking, recognizance, or other suretyship obligations of the Company; and such signature and seal when so used shall have the same force and effect as though manually affixed.

IN WITNESS WHEREOF, Amwest Surety Insurance Company and Far West Insurance Company have caused these present to be signed by its proper officers, and its corporate seals to be hereunto affixed this 25th day of September, 1998.

John E. Savage, President

Karen G. Cohen, Secretary

State of California
County of Los Angeles

On September 25, 1998 before me, Peggy B. Lofton Notary Public, personally appeared John E. Savage and Karen G. Cohen, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me all that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

AMWEST SURETY INSURANCE COMPANY INCORPORATED DEC. 14, 1995 NEBRASKA

FAR WEST INSURANCE COMPANY INCORPORATED DEC. 14, 1995 NEBRASKA

Signature Peggy B. Lofton Notary Public (Seal)

PEGGY B. LOFTON
Commission #1068068
Notary Public — California
Los Angeles County
My Comm. Expires Aug 6, 1999

**5230 Las Virgenes Road Calabasas, CA 91302 TEL 818 871-2000**

| 5. DIRECT WRITING COMPANY | | |
|---|---|---|
| 5A. (1) SIGNATURE | (2) ATTEST: SIGNATURE | Corporate Seal |
| 5B. (1) NAME AND TITLE (Typed) James K. Flavion, Attorney-in-Fact | (2) NAME AND TITLE (Typed) James M. Griffith, Witness | |

| 6. REINSURING COMPANY | | |
|---|---|---|
| 6A. (1) SIGNATURE | (2) ATTEST: SIGNATURE | Corporate Seal |
| 6B. (1) NAME AND TITLE (Typed) James K. Flavion, Attorney-in-Fact | (2) NAME AND TITLE (Typed) Karen M. Comport, Witness | |

INSTRUCTIONS

This form is to be used in cases where it is desired to cover the excess of a Direct Writing Company's underwriti limitation by reinsurance instead of co-insurance on Miller Act performance bonds running to the United States. S FAR (48 CFR) 28.202-1 and 53.228(h)

Execute and file this form as follows

Original and copies (as specified by the bond-approving officer), signed and sealed, shall accompany the bond or filed within the time period shown in the bid or proposal

One carbon copy, signed and sealed, shall accompany the Direct Writing Company's quarterly Schedule of Exc Risks filed with the Department of the Treasury.

Other copies may be prepared for the use of the Direct Writing Company and the Reinsuring Company. Each R insuring Company should use a separate form.

FAXED 4/26 12:15PM

# LIMITED POWER OF ATTORNEY

## Amwest Surety Insurance Company
## Far West Insurance Company

POWER NUMBER 0000953034

This document is printed on white paper containing the artificial watermarked logo ( ) of Amwest Surety Insurance Company on the front and brown security paper on the back. Only unaltered originals of the Limited Power of Attorney ("POA") are valid. This POA may not be used in conjunction with any other POA. No representations or warranties regarding this POA may be made by any person. This POA is governed by the laws of the State of Nebraska and is only valid until the expiration date. Amwest Surety Insurance Company and Far West Insurance Company (collectively the "Company") shall not be liable on any limited POA which is fraudulently produced, forged or otherwise distributed without the permission of the Company. Any party concerned about the validity of this POA or an accompanying Company bond should call your local Amwest branch office at (412) 322-2311.

KNOW ALL BY THESE PRESENT, that Amwest Surety Insurance Company, a Nebraska corporation and Far West Insurance Company, a Nebraska corporation (collectively the "Company"), do hereby make, constitute and appoint:

**James K. Flavion**
**Timothy F. Salvati**
**Karen M. Comport**
**James M. Griffith**
**As Employees of Amwest Surety Insurance Co**

its true and lawful Attorney-in-fact, with limited power and authority for and on behalf of the Company as surety to execute, deliver and affix the seal of the company thereto if a seal is required on bonds, undertakings, recognizances, reinsurance agreement for a Miller Act or other performance bond or other written obligations in the nature thereof as follows:

**All Bonds up to $25,000,000.00**

and to bind the company thereby. This appointment is made under and by authority of the By-Laws of the Company, which are now in full force and effect.

I, the undersigned secretary of Amwest Surety Insurance Company, a Nebraska corporation and Far West Insurance Company, a Nebraska corporation, DO HEREBY CERTIFY that this Power of Attorney remains in full force and effect and has not been revoked and furthermore, that the resolutions of the Board of Directors of both Amwest Surety Insurance Company and Far West Insurance Company set forth on this Power of Attorney, and that the relevant provisions of the By-Laws of each company, are now in full force and effect.

Bond No. 1382830 Signed & sealed this 25th day of March 19 99

Karen G. Cohen, Secretary

**RESOLUTIONS OF THE BOARD OF DIRECTORS**

This POA is signed and sealed by facsimile under and by the authority of the following resolutions adopted by the Board of Directors of Amwest Surety Insurance Company at a meeting duly held on December 15, 1975 and Far West Insurance Company at a meeting duly held on July 28, 1983:

RESOLVED, that the President or any Vice President, in conjunction with the Secretary or any Assistant Secretary, may appoint attorneys-in-fact or agents with authority as defined or limited in the instrument evidencing the appointment in each case, for and on behalf of the Company, to execute and deliver and affix the seal of the Company to bonds, undertakings, recognizances, and suretyship obligations of all kinds; and said officers may remove any such attorney-in-fact or agent and revoke any POA previously granted to such person.

RESOLVED FURTHER, that any bond, undertaking, recognizance, or suretyship obligation shall be valid and bind upon the Company:

(i) when signed by the President or any Vice President and attested and sealed (if a seal be required) by any Secretary or Assistant Secretary; or
(ii) when signed by the President or any Vice President or Secretary or Assistant Secretary, and countersigned and sealed (if a seal be required) by a duly authorized attorney-in-fact or agent; or
(iii) when duly executed and sealed (if a seal be required) by one or more attorneys-in-fact or agents pursuant to and within the limits of the authority evidenced by the power of attorney issued by the Company to such person or persons.

RESOLVED FURTHER, that the signature of any authorized officer and the seal of the Company may be affixed by facsimile to any POA or certification thereof authorizing the execution and delivery of any bond, undertaking, recognizance, or other suretyship obligations of the Company; and such signature and seal when so used shall have the same force and effect as though manually affixed.

IN WITNESS WHEREOF, Amwest Surety Insurance Company and Far West Insurance Company have caused these present to be signed by its proper officers, and its corporate seals to be hereunto affixed this 25th day of September, 1998.

John E. Savage, President    Karen G. Cohen, Secretary

State of California
County of Los Angeles

On September 25, 1998 before me, Peggy B. Lofton Notary Public, personally appeared John E. Savage and Karen G. Cohen, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me all that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature Peggy B. Lofton Notary Public (Seal)

PEGGY B. LOFTON
Commission #1068068
Notary Public — California
Los Angeles County
My Comm. Expires Aug 6, 1999

AMWEST SURETY INSURANCE COMPANY INCORPORATED DEC. 14, 1995 NEBRASKA

FAR WEST INSURANCE COMPANY INCORPORATED DEC. 14, 1995 NEBRASKA

5230 Las Virgenes Road Calabasas, CA 91302 TEL 818 871-2000

# FINANCIAL STATEMENT - DECEMBER 31, 1998
# AMWEST SURETY INSURANCE COMPANY

| ASSETS | | LIABILITIES, SURPLUS AND OTHER FUNDS | |
|---|---|---|---|
| Bonds | 71,053,419 | Losses and Loss adjustment expenses | 16,028,093 |
| Preferred stocks | 6,038,022 | Contingent commission | 2,068,220 |
| Common stocks | 13,283,465 | Other expenses | 5,106,927 |
| Mortgage loans | 563,363 | Taxes, licenses & fees | 740,058 |
| Real estate | 439,959 | Unearned premiums | 36,560,517 |
| Cash on hand and on deposit | 2,304,744 | Funds held on account of others | 23,305,864 |
| Short term investments | 2,430,853 | Payable to parent, subsidiaries and affiliates | 1,740,319 |
| Other invested assets | 2,006,652 | Brokers' commission payable | 31,788 |
| Agent's balances | 11,045,749 | | |
| Reinsurance Recoverable | 2,983,716 | | |
| Federal Income Tax recoverable | 443,725 | | |
| EDP equipment | 1,027,276 | | |
| Accrued interest | 1,028,833 | | |
| Other admitted assets | 10,458,055 | | |
| TOTAL ASSETS | 125,107,831 | TOTAL LIABILITIES | 85,581,606 |
| | | Capital Stock | 4,000,000 |
| | | Surplus note | 8,000,000 |
| | | Paid-in surplus | 6,590,000 |
| | | Unassigned funds | 20,936,225 |
| | | Surplus as regards policyholders | 39,526,225 |
| | | Total liabilities and surplus | 125,107,831 |

SUSAN D. KREIS
Commission # 1163471
Notary Public - California
Los Angeles County
My Comm. Expires Jan 9, 2002

STATE OF: California

COUNTY OF: Los Angeles

John E. Savage, President of Amwest Surety Insurance Company, being duly sworn deposes and says that he is the above described officer of said Company; that said Company is a corporation duly organized, existing and engaging in business as a surety company under and by virtue of the laws of the State of Nebraska and has duly complied with all requirements of the laws of the said State applicable to said Company and is duly qualified to act as Surety under such laws; that the above is a true statement of the Assets and Liabilities of said Company of the 31st day of December 1998.

Subscribed and sworn to before me this

25th day of March, 1999

Susan D. Kreis
Notary

John E. Savage
John E. Savage
President

/sdk/tcsfs.304

**Power of Attorney** Swiss Re America

**Know all Men by these Presents:** That the Swiss Reinsurance America Corporation, a Corporation organized under the laws of the State of New York, having its principal office in the City and State of New York, pursuant to the following By-Law, which was adopted by the Stockholders of the said Corporation on May 2, 1978, and amended September 10, 1990, to wit:

> Article III, Section 9. Execution of Contracts: (c) All contracts for fidelity and surety coinsurance shall be signed by an attorney-in-fact appointed under a written instrument signed, whether manual or facsimile, by the president or, if authorized by the president to make such appointment, by an elected officer, and attested by another officer of the Corporation, and such attorney-at-fact shall have power to cause the corporate seal or a facsimile thereof to be impressed or affixed.

does hereby nominate, constitute and appoint James K. Flavion of Pittsburgh, Pennsylvania, in his individual capacity as

its true and lawful attorney(s)-in-fact, to make, execute, seal and deliver for and on its behalf, and as its act and deed: any and all bonds, undertakings or obligations in co-suretyship with

Amwest Surety Insurance Company of Calabasas, California

whether or not there are other co-sureties, wherein the co-surety participation of Swiss Reinsurance America Corporation does not exceed ten million------------------------------------ Dollars ($ 10,000,000 ) and reserving to itself full power of substitution and revocation.

The execution of such contracts in pursuance of these presents shall be binding upon said Corporation, as fully and amply, to all intents and purposes, as if they had been duly executed and acknowledged by the regularly elected officers of the Corporation at its office in New York, New York, in their own proper persons.

This Power of Attorney shall expire and all authority hereunder shall terminate without notice at midnight (Standard Time where said Attorney(s)-in-Fact is authorized to act), December 31, 1999.

In Witness Whereof, the Swiss Reinsurance America Corporation has caused its corporate seal to be hereunto affixed and these presents to be signed by its Member of Senior Management this 29th day of January in the year one thousand nine hundred and ninety-eight.

SWISS REINSURANCE AMERICA CORPORATION CORPORATE SEAL 1940 NEW YORK

Swiss Reinsurance America Corporation

By *[signature]*
Member of Senior Management

*[signature]*
Corporate Secretary

STATE OF NEW YORK
COUNTY OF NEW YORK } ss.

On this 29th day of January, 1998, before the subscriber, a Notary Public of the State of New York, duly commissioned and qualified, came

Martin R. Brady, Jr., Member of Senior Management

of the Swiss Reinsurance America Corporation, to me personally known to be the individual and officer described in, and who executed the preceding instrument, and he acknowledged the execution of the same, and, being by me duly sworn, deposed and said, that he is the officer of the Corporation aforesaid, and that the seal affixed to the preceding instrument is the corporate seal of said Corporation, and the said corporate seal and his signature as officer were duly affixed and subscribed to the said instrument by the authority and direction of the said Corporation, and that By-Law Article III, Section 9, adopted by the Stockholders of said Corporation, referred to in the preceding instrument, is now in force.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my official seal at the City of New York, the day and year first above written.

My Commission expires ............ *[signature]*

PAUL K. ST[illegible]
NOTARY PUBLIC State of New York
No. 31-4675109
Qualified in New York County
Commission Expires 12-31-98

Notary Public

SWISS REINSURANCE AMERICA CORPORATION CORPORATE SEAL 1940 NEW YORK

STATE OF NEW YORK
COUNTY OF NEW YORK } ss.

I, Marianne L. Wilbert, Member of Management of Swiss Reinsurance America Corporation, a Corporation of the State of New York, do hereby certify that the above and foregoing is a full, true and correct copy of a Power of Attorney issued by said Swiss Reinsurance America Corporation, and that I have compared same with the original and that it is a correct transcript therefrom and of the whole of the original. Said Power of Attorney is still in force and effect and has not been revoked. I do further certify that Martin R. Brady, Jr. is duly authorized to sign said Power of Attorney in accordance with the By-Laws of the Corporation.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of said Corporation, at the City of New York, this 25th day of March, 1999.

By *[signature]*
Member of Management

CSIS QXD/5-97

No. AMW-PAPB-14-
Bond No. 1382830

CERTIFIED COPY

# Financial Statement - December 31, 1997

## Admitted Assets

| | |
|---|---|
| **Bonds:** | |
| United Statement Goverment | $2,682,020,260 |
| Canadian Goverment | 10,877,969 |
| All Other Bonds | 76,984,973 |
| **Total Bonds** | **$2,769,883,202** |
| Short Term Investments | 27,142,009 |
| **Stocks:** | |
| Public Utility | 46,118,487 |
| Bank, Trust and Insurance Company | 116,845,216 |
| Industrial and Miscellaneous | 939,736,957 |
| **Total Stocks** | **$1,102,700,660** |
| Cash in Banks and Office | 6,458,909 |
| Assumed Reins. Premium. Balance in Course of Collection | 50,682,672 |
| Assumed Reins. Premium Installment Balance Deferred | 167,556,132 |
| Funds Deposit W/ Ceding Reinsurers | 47,706,556 |
| Reinsurance Recoverable on Loss Payments | 46,906,813 |
| Interest and Dividend Accrued | 54,697,785 |
| Other Assets | 40,054,194 |
| **Total Admitted Assets** | **$4,313,788,932** |

## Liabilities
## Capital and Surplus

| | |
|---|---|
| Reserve for Unearned Premiums | $321,830,365 |
| Reserve for Outstanding Losses | 1,789,051,921 |
| Reserve for Loss Adjustment Expenses | 409,036,811 |
| Funds Held Under Reins. Treaties | 177,003,984 |
| Loss Balances in Course of Payment | 53,890,198 |
| Reserve for Unauthorized Reinsurance | 47,436,997 |
| Other Reserves | 347,763 |
| Other Liabilities | 32,722,503 |
| **Total Liabilities** | **$2,831,320,542** |
| Capital | 6,000,000 |
| Gross Paid in and Contributed Surplus | 963,357,873 |
| Surplus | 613,128,850 |
| Treasury Stock at Cost | (100,018,333) |
| **Surplus to Policyholders** | **$1,482,468,390** |
| **Total Liabilities, Capital and Surplus** | **$4,313,788,932** |

Failure of items to add is due to the dropping of cents

Securities valued in this statement at $49,599,300 are deposited with the State Departments and the Canadian Goverment as required by law.

I, Christopher McNulty, Member of Senior Management and Asst. Controller of the Swiss Reinsurance America Corporation, do hereby certify that the foregoing is a true copy of the financial statement of such company as of December 31, 1997.

SWISS REINSURANCE AMERICA CORPORATION
CORPORATE SEAL 1940 NEW YORK

State of New York
County of New York

Member of Senior Management
and Assistant Controller