# In the United States Court of Federal Claims

No. 02-1077 C

(E-Filed: October 15, 2003)

| | |
|---|---|
| AIRPORT INDUSTRIAL PARK, INC. d/b/a/ P.E.C. CONTRACTING ENGINEERS | ) |
| Plaintiffs, | ) |
| v. | ) |
| THE UNITED STATES, | ) |
| Defendant. | ) |

ORDER

Plaintiff's filings 28 through 31 of October 8, 2003 contain several deficiencies. The deficiencies consist of electronic case filing errors and a filing error in Plaintiff's Proposed Findings of Uncontroverted Fact. These deficiencies are addressed below.

I. Electronic Case Filing [ECF]

On August 5, 2003, the court ordered counsel for the parties to "promptly register and be trained in preparation for the September 8, 2003 conversion of this case to ECF." Order of August 5, 2003. On September 15, 2003 in response to deficient electronic filings by defendant, the court reminded parties "that filings must comply with Rules 11 and 83.1(c)(2), and that electronic signatures read 's/ Jane Doe' above the attorney of record's name (repeated), address and other required information." Order of September 15, 2003. Plaintiff's filings 28, 29 and 30 do not have correct electronic signatures. A sample electronic signature block for counsel appears below:

s/ Jane S. Doe
Jane S. Doe
Counsel for Plaintiff
Smith and Jones, LLP
12 Brown St.
Washington, DC 20006
Tel. 202-555-5555
Fax. 202-555-1111

Affidavits and declarations may not be filed separately in this court, but must be attached to the motion they accompany. RCFC 7(b). The court previously reminded the parties of this rule, responding to a deficiency in defendant's filing 25. Order of September 15, 2003. In an ECF case, the affidavit or declaration must be attached electronically to the motion, not filed as a separate document. Plaintiff's filing 31, an affidavit and attached exhibits, is filed as a separate document. Training in electronic case filings may be obtained by contacting ECF User Assistance at 866-784-6273 (toll free).

II. Plaintiff's Proposed Findings of Uncontroverted Fact (PFUF)

Plaintiff's PFUF violates RCFC 56(h)(2):

> The opposing party may also file proposed findings of uncontroverted fact as to any relevant matters not covered by the moving party's statement. Such additional statements of proposed findings shall be set forth with the proposed findings applicable to any cross-motion, but in the absence of a cross-motion shall be set forth in a separate document.

RCFC 56(h)(2) (emphasis added). Plaintiff's PFUF asserts additional findings of fact in ¶¶ 12-1, 12-2, 12-3. These proposed findings were not "set forth in a separate document." Because defendant may not have received adequate notice of these additional proposed findings of fact, defendant's response to these additional facts shall be DUE on or before October 29, 2003.

By leave of the court, plaintiff's filings 28 through 31 are accepted as filed.

IT IS SO ORDERED.

s/ Emily C. Hewitt
EMILY C. HEWITT
Judge