**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| AIRPORT INDUSTRIAL PARK, INC.<br>d/b/a P.E.C. CONTRACTING ENGINEERS<br><br>Plaintiff,<br><br>v.<br><br><br>THE UNITED STATES<br><br>Defendant. | ) | No. 02-1077C<br>(Judge Hewitt) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S ADDITIONAL**
**PROPOSED FINDINGS OF UNCONTROVERTED FACT**

Pursuant to Rule 56(h)(2) of the Rules of the United States Court of Federal Claims ("RCFC"), the United States responds to plaintiff's additional proposed findings of uncontroverted fact as follows:

Plaintiff's Proposed Finding of Fact 12-1: At no time did the Army Corps of Engineers, its counsel or the Government requests a separate Reinsurance Agreement for any payment portion of Bond No. 1382830 during the years 1999 through 2000. During the years 1999 through 2000, the Government determined that the Reinsurance Agreement previously provided by Swiss Reinsurance America Corporation was adequate.

Defendant's Response: With respect to the first sentence, defendant agrees that the Government (including the Corps of Engineers and its counsel) never requested that P.E.C. or Amwest obtain separate reinsurance with respect to P.E.C.'s payment bond obligation. However, defendant disagrees with the characterization of this obligation as "the payment portion of Bond No. 1382830" on the ground that two separate bonds were obtained. See DeStefano Decl. ¶ 4 & Exs. B & C. Defendant disagrees with the second sentence insofar as it suggests that the

Government made a determination with respect to reinsurance on P.E.C.'s payment bond obligation. No reinsurance was required with respect to the payment bond obligation until P.E.C's surety was declared insolvent, and the Government was not required to and did not make a determination with respect to reinsurance on this obligation before this time. See DeStefano Reply Decl. ¶ 3.

Plaintiff's Proposed Finding of Fact 12-2: The original contract called for completion in 365 days from the beginning of the contract. The contract was entered into on March 25, 1999, which meant that work had to be completed by March 24, 2000. The work was approximately 50% complete when the defendant terminated the contact on August 17, 2001. The work was only 50% complete due to delays that took place on the job. The plaintiff has provided, through Affidavit, statements of fact regarding difficulties in construction due to deficient design and engineering that was performed under the direction of the Army Corps of Engineers as well as the lack of any soil testing under water. When the true conditions of the underwater soil were discovered, the contract was placed in suspension until the unsuitable soils were removed and disposed of. The Plaintiff has also brought forth facts which suggest that there were problems on the job including the unavailability of owner specified materials, difficulties with compliance with the overall design intent, discrepancies in the design of the work, changes without being paid, and delays for multiple mobilizations, all [of] which appear to out of the management of the construction Project. Had these events not taken place, the Plaintiff contends, that it could have completed the work on or before March 24, 2000, which was prior to the Notice of Insolvency by Amwest Surety Insurance Company.

Defendant's Response: Defendant disagrees with this proposed finding in its entirety. The

parties executed a series of modifications and amendments that extended the time for performance of the contract and increased the value of the contract for P.E.C. by hundreds of thousands of dollars. See DeStefano Reply Decl. ¶ 6 & Exs. A-D. As a result, any claim that the Government delayed completion of the project until after Amwest was declared insolvent is not only not part of this case (since it was not raised before the contracting officer) but is belied by P.E.C.'s voluntary execution of these modifications and amendments. Defendant further disagrees with the proposed findings concerning alleged design defects and construction difficulties upon the ground that they are not supported by admissible evidence other than conclusory allegations that are devoid of supporting detail. Defendant specifically notes that, although certain soil testing was originally done on land, the parties later agreed that testing should be done "in-the-wet," and agreed to modify the contract at issue in this case accordingly. See DeStefano Reply Decl. ¶ 5. In addition, defendant notes that, inasmuch as P.E.C. refers to the "unavailability of owner specified materials," it was P.E.C.'s responsibility to procure these materials and, if anything, the Government helped, rather than hindered, this process. Id.

Defendant's Proposed Finding of Fact 12-3: The plaintiff also contends that because of the delays on the Project as well as the problems associated with the Project and the fact that $4.6 million of P.E.C's binding capacity had been tied up for almost 2 ½ years, P.E.C. experienced considerable difficulty in trying to obtain a substitute Payment Bond once the request was made by the Government.

Response: Defendant disagrees with this finding (except to the extent it constitutes an acknowledgment that P.E.C. breached its obligation to maintain a payment bond) for several reasons. First, this finding is not supported by admissible evidence other than conclusory

allegations that are devoid of supporting detail, such as the identifies of any sureties that refused to underwrite a payment bond. Second, whether P.E.C. experienced "substantial difficulty" in obtaining a substitute payment bind is irrelevant to our motion for summary judgment. Third, this finding contradicts P.E.C.'s position that it did not need to obtain a substitute payment bond because the payment bond was covered by the reinsurance agreement. Fourth, the Government has moved for summary judgment in this case before taking discovery with respect to the issue of P.E.C.'s alleged inability to secure an adequate payment bond, and believes that discovery with respect to this issue will reveal that P.E.C. had the ability to obtain replacement bonding.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Brian M. Simkin
BRIAN M. SIMKIN
Assistant Director

s/ Andrew P. Averbach
ANDREW P. AVERBACH
Trial Attorney
Commercial Litigation Branch
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel. (202) 307-0290
Fax (202) 514-8624
Attorneys for Defendant

OF COUNSEL:

WILLIAM A. LUBICK
Assistant District Counsel
U.S. Army Corps of Engineers,
Pittsburgh District
1813 Federal Building
1000 Liberty Avenue
Pittsburgh, PA 15222-1486
Tel. (412) 395-7495

October 21, 2003

CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2003, a copy of the foregoing DEFENDANT'S RESPONSE TO PLAINTIFF'S ADDITIONAL PROPOSED FINDINGS OF UNCONTROVERTED FACT was filed electronically. I understand that notice of this filing will be sent by all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Andrew P. Averbach
Andrew P. Averbach